IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY<br>700 West 47th Street<br>Suite 350<br>Kansas City, MO 64112,<br><br>                              Plaintiff,<br><br>vs.<br><br>E&R ENERGY SERVICES, LLC<br>8643 East Pike<br>Norwich, OH 43767,<br><br>                              Defendant. | CASE NO.   2:17CV493<br><br>JUDGE<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Rockhill Insurance Company (hereinafter "Rockhill"), by and through counsel and for its Complaint for Declaratory Judgment under 28 U.S.C. §2201, et seq., seeking declaratory relief against Defendant E&R Energy Services, LLC and in support thereof states as follows:

**PARTIES**

1. Rockhill is an Arizona domiciled insurance carrier authorized to do business in the State of Ohio. Rockhill's principal place of business is located in Kansas City, Missouri.

2. Upon information and belief, Defendant E&R Energy Services, LLC is a limited liability company domiciled in and with its principal place of business in the State of Ohio, Muskingum County.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper under 28 U.S.C. §1332(a)(1) as there is diversity of citizenship in the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391(a)(1) as a substantial part of the issues giving rise to the client for declaratory relief occurred in this District.

## NATURE OF CLAIM

5. This is an action for declaratory judgment brought under the Federal Declaratory Judgment Act, U.S.C. §2201 and §2202.  Rockhill is seeking a declaration of the parties' rights and obligations pursuant to a certain policy of insurance issued by Rockhill to its named insured Defendant E&R Energy Services, LLC.

## FACTUAL BACKGROUND

6. By letter dated November 10, 2016, E&R Energy Services, LLC received correspondence from the Cabinet for Health and Family Services, Office of the Secretary Department for Public Health, State of Kentucky.  The November 10, 2016 letter was a Civil Penalty Order.  A copy of said Civil Penalty Order is attached hereto as Exhibit "A."

7. According to the Civil Penalty Order, the Kentucky Department for Public Health concluded that E&R Energy engaged in conduct that violated Kentucky statutes, specifically KRS211.863.

8. According to the Civil Penalty Order, a penalty of $140,000 was assessed against E&R Energy Services with an indication that the penalty may be increased if there is discovery of other violations.

9. The Civil Penalty Order alleges that E&R Energy Services, LLC, through its agents and/or employees, disposed of and/or arranged for collection, transportation, treatment, storage and/or disposal of at least 199,780 pounds of Ohio low level radioactive waste at the Green Valley Landfill in Greenup County, KY.

10. The Civil Penalty Order alleges that the Central Midwest Interstate Low Level Radioactive Waste Commission had not approved the actions of E&R Energy Services, LLC and that the actions were inconsistent with the Commission's policies.

11. The Civil Penalty Order further alleges that on eleven dates from June 20, 2015 through January 6, 2016 and some unknown dates and on fourteen separate occasions, E&R Energy Services, LLC imported, disposed of, and/or arranged for the collection, transportation, treatment, storage and/or disposal of Technically Enhanced Naturally Occurring Radioactive Material ("TENORM").

12. Upon receipt of the Civil Penalty Order, E&R Energy Services, LLC provided a copy of the Civil Penalty Order to its agent and for forwarding to Rockhill.

13. Rockhill, under a reservation of rights, provided defense counsel to E&R Energy Services, LLC for the purposes of filing an appropriate Notice of Appeal with the Cabinet for Health and Family Services in a timely manner.

14. Rockhill issued two policies of insurance to its named insured E&R Energy Services, LLC bearing Policy Nos: ENVP011745-00 and ENVP017745-01, with policy effective dates November 24, 2014-15 and November 24, 2015-16. Certified copies of these policies are attached hereto as Exhibit "B" and "C" respectively (hereinafter the "Policies").

15. The Policies include Commercial General Liability Coverage, Contractors Pollution Liability Coverage and Professional Liability Coverage (Claims Made).

16. Based upon the Civil Penalty Order, issues have arisen with regard to rights, duties and obligations pursuant to the terms and conditions of the Policies. Rockhill has filed the within Complaint for Declaratory Judgment seeking a determination from this Court of the parties rights and responsibilities relative to the policies of insurance issued by Rockhill to E&R Energy Services, LLC.

**FIRST CLAIM FOR RELIEF**

17. Rockhill incorporates by reference the allegations of Paragraphs 1 through 16 as if fully realleged herein.

18. The Rockhill Policies provide coverage pursuant to the Commercial General Liability Coverage Form, Form CG 00 01 12 04 for claims because of "bodily injury" or "property damage" caused by an "occurrence" and occurs during the policy period.

19. The Civil Penalty Order makes no allegations or claims of any "bodily injury" as that term is defined in the Policies.

20. The Policies CGL Coverage Form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

21. The Policies CGL Coverage Form defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property."

22. The definition of "property damage" contained in the Policy CGL Coverage Form does not include fines/civil penalties.

23. Pursuant to the Civil Penalty Order, the penalties that are sought against E&R Energy Services, LLC relate solely to civil fines and penalties.

24. The Policies, CGL Coverage Form defines an "occurrence" as an accident, including continuous or repeated exposures to substantially the same general harmful conditions.

25. Upon information and belief, the conduct of E&R Energy Services, LLC in disposing of materials at the Green Valley Landfill was not accidental, but rather was deliberate and therefore not an "occurrence" as defined under the Policies.

26. Pursuant to the terms and conditions of the Policies, the CGL Coverage Forms are not triggered as there are no claims for "bodily injury" or "property damage" as those terms are defined within the Policies caused by an "occurrence."

27. An actual controversy exists between Rockhill and E&R Energy Services, LLC concerning trigger of coverage under the Commercial General Liability Policy. As there are no claims for "bodily injury" or "property damage" caused by an "occurrence" pursuant to the terms and conditions of the Policies,

Rockhill is entitled to a declaratory judgment that it owes no duty to defend or indemnify pursuant to the terms and conditions of the Commercial General Liability Coverage Form of the Policies.

## SECOND CLAIM FOR RELIEF

28. Rockhill incorporates by reference the allegations of Paragraphs 1 through 27 as if fully realleged herein.

29. The CGL Policies contain a Total Pollution Exclusion Endorsement, Form CG 21 49 09 99. This Endorsement bars coverage for claims and penalties brought against E&R Energy Services in the Civil Penalty Order.

30. Pursuant to the Total Pollution Exclusion Endorsement, the Policies do not apply to:

  f. Pollution

    (1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

    (2) Any loss, cost or expense arising out of any:

      (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

      (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, in any way responding to, or assessing the effects of, "pollutants."

31. The Policies further exclude, pursuant to its terms and conditions of the CGL Coverage Form, any "expected or intended injury."

5

32. The Policies also exclude, pursuant to the terms and conditions of the CGL Coverage Form, Exclusion j., "Damage to Property" which would include that particular part of any property that must be restored, repaired, or replaced because of "your work" being incorrectly performed upon it.

33. The Policies define "your work" as "work or operations performed by you or on your behalf***".

34. An actual justiciable controversy exists between Rockhill and E&R Energy Services, LLC regarding the applicability of the aforementioned exclusions contained in the Commercial General Liability Coverage Forms and Endorsements of the Policies. Based upon the Civil Penalty Order, the factual information known to date, and the terms and conditions of the insurance policies, Rockhill is entitled to a declaratory judgment that the exclusionary language of the CGL Policy bars any duty to defend or indemnify relative to this Civil Penalty Order.

### THIRD CLAIM FOR RELIEF

35. Rockhill incorporates by reference the allegations of Paragraphs 1 through 34 as if fully realleged herein.

36. The Policies also contain Contractors Pollution Liability Form, Form RHIC 6201 (1/11). Pursuant to the terms and conditions of the Policies, specifically the Contractors Pollution Liability Coverage, there is no duty to defend or indemnify pursuant to the terms and conditions of the Policies for the Civil Penalty Order.

37. In order for any obligation to be triggered pursuant to the terms and conditions of the Policies' Contractors Pollution Liability Coverage Form, the insured must be legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. The "bodily injury" or "property damage" must result from a "pollution condition" that arises out of "your work."

38. The Civil Penalty Order makes no allegations or claims and renders no penalties against E&R Energy Services, LLC for any "bodily injury" resulting from a "pollution condition" that arises out of "your work" as those terms are defined within the Policies.

39. The definition of "property damage" contained within the Contractors Pollution Liability Coverage Form does include civil fines or penalties.

40. The Policies define a "pollution condition" as a discharge, dispersal, migration, or release of "pollutants."

41. Based upon the information known to date, there is arguably "property damage" arising out of "your work" resulting from a "pollution condition." However, there are exclusions contained within the Contractors Pollution Liability Coverage Form with the Policies would bar defense and indemnity obligations of Rockhill.

42. The Contractors Pollution Liability Coverage Form excludes coverage for the civil penalties assessed against E&R Energy Services, LLC by the Kentucky Cabinet for Health and Family Services, Department for Public Health in that the policies specifically exclude coverage for any "expected or intended injury" and, for "property damage" resulting from a "pollution condition" at or from a "nonowned disposal site."

43. The Green Valley Landfill is a "nonowned disposal site" as that term is defined within the Policies. The site is not owned by or affiliated with E&R Energy Services, LLC.

44. An actual justiciable controversy exists between Rockhill and E&R Energy Services, LLC concerning the duties and obligations owed pursuant to the terms and conditions of the Contractors Pollution Liability Coverage Form of the Policies. Pursuant to the terms and conditions of the Policies, particularly the exclusionary language, as the alleged "property damage" arose out of E&R Energy Services, LLC work and resulted from a pollution condition at a nonowned disposal site, coverage for that "property damage" and "pollution condition" is expressly excluded pursuant to the terms and conditions of

the Policies.  Rockhill is entitled to a declaratory judgment that it owes no duty to defend or indemnify pursuant to the terms and conditions of the Contractors Pollution Liability Coverage Form of the Policies.

### FOURTH CLAIM FOR RELIEF

45. Rockhill incorporates by reference the allegations of Paragraphs 1 through 44 as if fully realleged herein.

46. The Policies also contain Professional Liability Coverage, Form RHIC 6101 (1/11).

47. Pursuant to the terms and conditions of the Policies, specifically the Professional Liability Coverage Form, Rockhill would only be obligated to pay as "damages" because of any "claim" that results from a "professional services incident" to which the insurance applies.

48. Pursuant to the terms and conditions of the Policies, the disposal of waste, pursuant to which E&R Energy Services, LLC has been assessed fines and penalties under the Civil Penalty Order, would not qualify as a "professional service" that was performed by E&R Energy Services, LLC as a "consultant, engineer, architect, surveyor or testing laboratory."

49. The Policies also contain pertinent exclusions pursuant to the terms and conditions of the Professional Liability Coverage Form.  The Policies exclude "expected or intended injury," intentional acts, faulty workmanship as well as criminal fines, penalties and assessments.

50. An actual justiciable controversy exists between Rockhill and E&R Energy Services, LLC concerning the terms and conditions of the Professional Liability Coverage Form.  Based upon the Civil Penalty Order, the terms and conditions of the Policies, and investigation to date, Rockhill owes no duty to defend or indemnify pursuant to the terms and conditions of the Policies.  Rockhill is entitled to declaratory judgment declaring that it owes no duty to defend or indemnify E&R Energy Services, LLC for the allegations in the penalties assessed against it under the Civil Penalty Order.

51. Rockhill reserves the right to amend its Complaint, in whole or in part as it obtains additional facts through investigation and discovery.

WHEREFORE, having fully pleaded, Plaintiff Rockhill prays this Court enter:

A. Declaratory judgment in its favor declaring that Policy Nos: ENVP017745-00 and ENVP017745-01 effective November 24, 2014-15 and November 24, 2015-16 provide no coverage, defense or indemnification obligations to Defendant E&R Energy Services, LLC as the allegations and damages asserted in the Civil Penalty Order do not meet the definition of "bodily injury" or "property damage" caused by an "occurrence" pursuant to the terms and conditions of the Policies;

B. Declaratory judgment that the Total Pollution Exclusion Endorsement bars any duty to defend or indemnify E&R Energy Services, LLC for the allegations and penalties assessed against it in the Civil Penalty Order;

C. Declaratory judgment that the claims are barred by the "Expected or Intended Injury" Exclusion and /or the "Damage to Property" Exclusion of the CGL Policies;

D. Declaratory judgment that the Policies provide no coverage, defense or indemnification obligations to E&R Energy Services, LLC as the Contractors Pollution Liability Coverage Form as there was no "bodily injury" as defined by the Policies.  Moreover, the Policies exclude coverage for any claims for "bodily injury" or "property damage" resulting from a "pollution condition" at or from a "nonowned disposal site."  Green Valley Landfill is a "nonowned disposal site" as defined in the Policies;

E. Declaratory judgment in its favor declaring that the Policies issued to E&R Energy Services, LLC provide no coverage, defense or indemnification obligations to E&R Energy Services, LLC as the disposal of waste would not qualify as a "professional service" that was performed by the insured ;

F. Declaratory judgment in its favor declaring that the claims are barred by the "Expected or Intended Injury", intentional acts and/or faulty workmanship exclusions to the Professional Liability Policies;

G. Declaratory judgment in its favor declaring tht the Professional Liability Policies exclude coverage for any criminal penalties, fines and assessments;

H. Declaration from this Court that the Policies do not provide coverage for any punitive or exemplary damages or injunctive relief assessed against E&R Energy Services, LLC; and

I. Rockhill Insurance Company further seeks attorney's fees, costs and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Laura M. Faust*
Laura M. Faust (0059494)
lfaust@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEY FOR PLAINTIFF
ROCKHILL INSURANCE COMPANY

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

*/s/ Laura M. Faust*
Laura M. Faust

11567605 _1  119623.0025